**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILGAN CONTAINERS, LLC, | No. 11-17637 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05971-RS |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and LIBERTY MUTUAL FIRE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 11, 2013
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Silgan Containers, LLC, appeals from the district court's summary judgment in favor of National Union Fire Insurance Company, Silgan's excess insurer. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

"[P]roperty damage is not established by the mere failure of a defective product to perform as intended," *F & H Constr. v. ITT Hartford Ins. Co.*, 118 Cal. App. 4th 364, 372 (2004), unless the third party's property becomes damaged at the point of incorporation with the defective product. *See, e.g.*, *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 865–66 (2000); *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 90–94 (1996). Therefore, the district court did not err in rejecting Silgan's argument that, as a matter of law, Del Monte's tomato product was injured at the moment it was put into the defective cans.

Nevertheless, drawing all inferences in favor of Silgan, the record indicates that Del Monte's tomato product in at least some of the cans suffered a physical injury during the policy period, and therefore there is a genuine issue of material fact as to whether Silgan is entitled to coverage under the policy. Although Silgan has the burden of quantifying the injury at trial, it need not quantify the exact amount of damages at the summary judgment stage. *See State v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1035–36 (2009).

2

There is also a genuine issue of material fact as to whether Del Monte suffered a "loss of use" of tomato product, as defined in the policy. *See Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co.*, 302 F.3d 1049, 1057 (9th Cir. 2002). Because the district court rejected this argument, it did not address the relevant exclusions under the insurance policy, an issue that National Union may raise on remand.

The record does not provide any support for Silgan's argument that Del Monte's disposal of the tomato product constituted reasonable steps to mitigate property damage, and so we reject this claim. *See AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 833 (1990).

**REVERSED AND REMANDED.**